

# THE ATTORNEY GENERAL
## OF TEXAS

February 27, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Bryan M. Perot
Executive Officer
Polygraph Examiners Board
P. O. Box 4087
Austin, Texas 78773

Opinion No. JM-640

Re: Whether the Open Meetings Act, article 6252-17, V.T.C.S., permits the Polygraph Examiners Board to conduct licensing examination in closed session: whether the board's questions and answers are subject to the Open Records Act, article 6252-17a, V.T.C.S., and whether the board can bar examinees from hearing other examinees' questions and answers

Dear Mr. Perot:

You have requested an opinion from this office. Your letter states:

> The Polygraph Examiners Board currently utilizes a three-phase licensing examination. Phase III is an oral examination administered by the board members. This phase of the examination has traditionally been incorporated into a board meeting day to allow the board to conduct as much other business as possible, and thereby maintaining the most efficient use of the board's limited appropriation.
>
> 1. Under the Texas Open Meetings Act, is it proper for the board to excuse those in the audience, close the meeting and proceed with Phase III of the Licensing Examination?
>
> 2. Are the board's questions and the examinee's answers subject to the Texas Open Records Act?
>
> 3. Can other examinees be barred from hearing another's questions and answers?

The board is subject to the Open Meetings Act, article 6252-17, V.T.C.S. V.T.C.S. art. 4413(29cc), §5(j). Except in those instances enumerated in section 2 of the act, any "meeting" of an entity subject to the act must be open to the public. V.T.C.S. art. 6252-17, §2(a). Section 1(a) of the act, however, defines a "meeting" as

> any <u>deliberation</u> between a quorum of members of a
> governmental body at which any public business or
> public policy over which the governmental body has
> supervision or control is discussed or considered,
> or at which any formal action is taken.  (Emphasis
> added).

"Deliberation" is defined in section 1(b) of the act as

> a verbal exchange between a quorum of members of
> a governmental body attempting to arrive at a
> decision on any public business.

In our opinion, a board session held solely for the purpose which you
have described would involve no "deliberation," and hence no
"meeting," within these definitions.

As we envision such a session, board members would simply put
questions to prospective licensees and listen to their answers.  Given
the presence of the examinee, it would seem inconceivable that the
board members would, at this session, discuss the merits of the
responses.  In view of this, we do not believe that such a session
would involve any "exchange" among the board members; on the contrary,
any exchange would be between individual board members and the
examinee.  Even if such a question-and-answer session did involve some
"exchange," moreover, no "[attempt] to arrive at any decision on any
public business" would be involved.  That attempt would come later,
when, out of the earshot of the examinee, the board members discuss
the examinee's responses.

We therefore conclude that a board session at which board
members merely ask questions and listen to the answers of prospective
licensees would not be a "meeting" within the Open Meetings Act.
Accordingly, the Open Meetings Act does not require the board to open
this meeting to the public.  We do not consider the effect of any
other statute.  <u>See, e.g.</u>, V.T.C.S. art. 6252-13a.

Regarding your second question, the Open Records Act applies only
to tangible items such as documents and other "developed materials."
V.T.C.S. art. 6252-17a, §2(2) (definition of "public records").  The
act would embrace the board's questions and an examinee's answers,
therefore, only to the extent that they are in some such item.  Even
to this extent, the questions and answers could generally be withheld.
In Open Records Decision No. 353 (1982), we said that

> the authority to conduct an examination 'neces-
> sarily includes the authority to maintain the
> confidentiality of the questions used to test the
> knowledge of the person examined.'  Open Records
> Decision No. 118 (1976); Attorney General Opinion
> H-242 (1974).  In addition, it has been held that,
> where an examiner's policy is to reuse examination

questions and knowledge of a past examination's questions would compromise the effectiveness of future examinations, the agency may maintain the confidentiality of past examination questions.' Open Records Decision No. 118; Attorney General Opinion H-483 (1974). Thus, if the questions on the [city of College Station's] examination for master electrician are reused, the city may withhold them from public disclosure. By the same reasoning, if the grader's work papers would reveal the contents of the examination, and the questions are reused, the city may also withhold those work papers.

The board, therefore, clearly may withhold examination questions which have not yet been given. To the extent that it reuses questions, moreover, the board may deny requests for those questions, as well as for the answers thereto. Typically, disclosure of the answers to questions would be tantamount to disclosure of the questions themselves.

In answer to your final question, you have suggested no reason why the board could not prevent an examinee from hearing another examinee's questions and answers. The right to keep examinees apart, moreover, would seem to be inherent in the board's right, conferred by article 4413(29cc), V.T.C.S., the Polygraph Examiners Act, to administer a licensing examination. In addition, section 6(a) of article 4413(29cc) directs the board to "issue regulations consistent with the provisions of this Act for the administration and enforcement of this Act. . . ." Thus, the board could deal with this matter in an administrative regulation.

## S U M M A R Y

The Open Meetings Act would not apply to a session of the Polygraph Examiners Board held solely for the purpose of examining prospective licensees. The Open Records Act authorizes the board to deny requests for examination questions and answers which appear in "public records" subject to the act, when the questions have not yet been given or have been administered but may be reused. The board may prevent an examinee from hearing another examinee's questions and answers.

Very truly yours,

JIM MATTOX
Attorney General of Texas

p. 2899

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jon Bible
Assistant Attorney General